Robert M. Carlson
CORETTE POHLMAN & KEBE
129 West Park Street
P.O. Box 509
Butte, MT  59703
PH   :  406-782-5800
FAX  :  406-723-8919
bcarlson@cpklawmt.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | | |
|---|---|---|
| RICHARD BARBER and BARBARA BARBER, | * * * | No. CV-12-43-BU-DLC |
| Plaintiffs, | * | **DEFENDANTS' BRIEF IN** |
| v. | * * | **SUPPORT OF MOTION TO** **STAY AND TO POSTPONE** |
| REMINGTON ARMS CO., INC., SPORTING GOODS PROPERTIES, INC., and E. I. DuPONT DE NEMOURS & CO., | * * * * | **SCHEDULING CONFERENCE** |
| Defendants. | * | |

INTRODUCTION
AND PERTINENT BACKGROUND

Plaintiffs filed their Original Complaint and Demand for Jury Trial on July 2, 2012. (Doc. 1).  This is the second time plaintiffs have filed a lawsuit against defendants in connection with the death of their son who was shot when the Remington rifle his mother was unloading accidently discharged in October of

2000.  Plaintiffs first sued defendants in 2001 and settled in 2002, releasing defendants from all existing and future claims related to or in any way growing out of the shooting.  The present action, although dressed as one for defamation, is plainly an attempt to reopen plaintiffs' case against defendants and re-litigate long-settled product defect allegations.

On September 4, 2012, defendants filed a motion to dismiss and a brief in support. (Docs. 8 & 9).  On September 21, 2012, plaintiffs responded to defendants' motion by filing an amended complaint in which they dismissed their claim for violation of the Montana Consumer Protection Act previously set forth in Count III of their Original Complaint, and attempted to rework other allegations in an apparent effort to respond to defendants' motion to dismiss. (Doc. 13). Plaintiffs' First Amended Complaint does not, however, refute the core reasons for why plaintiffs' defamation and emotional distress lawsuit must be dismissed as a matter of law—namely, (1) they released such claims in 2002, and (2) Remington's statements made in response to the October 2010 CNBC television program, which had centered on plaintiffs and their prior product defect allegations, were not defamatory of plaintiffs and were otherwise privileged.

On September 25, 2012, defendants filed an unopposed motion for extension of time to file their response to the First Amended Complaint. (Doc. 14).  On September 26, 2012, this Court granted the motion and in its Order gave

defendants up to and including October 19, 2012, to file a response to plaintiffs' First Amended Complaint. (Doc. 15).  On October 1, 2012, the Court issued its Order setting a scheduling conference for October 30, 2012, and further setting deadlines of October 9, 2012, for lead counsel for the respective parties to confer concerning matters listed in Federal Rules of Civil Procedure 26(f), requiring the parties to file on October 23, 2012, a written report outlining a joint discovery plan, permitting discovery to commence upon a party providing its Rule 26(a)(1) disclosures, and requiring a preliminary pretrial statement to be filed with the Court on October 23, 2012.  (Doc. 16).

Defendants respectfully submit that entering into discovery, setting a discovery schedule, and holding the scheduling conference with the Court is premature until the Court renders its decision on the soon to be filed motion to dismiss the First Amended Complaint.  When defendants file their motion to dismiss on October 19, 2012, plaintiffs will have 21-days or up to and including November 9, 2012, within which to file their response brief.  Defendants will then have 14-days or up to and including November 23, 2012, to file their reply brief.  At that time, the dispositive issues will be ripe for ruling. (*See,* Local Rule 7.1(b)(1)(D)).

## BASIS FOR MOTION TO STAY
## AND TO POSTPONE SCHEDULING CONFERENCE

Defendants respectfully submit that their motion to dismiss is well taken and the Court's granting of said motion will end the case. Regardless, staying discovery or other proceedings pending the Court's decision on the motion to dismiss, which will likely occur, depending on the Court's schedule, within the next two months, will not unduly delay proceedings in this case. In the interests of judicial economy and fundamental fairness, it would be counterproductive to require the parties and the Court to engage in further case development when a case dispositive motion is pending. In this respect, a discovery planning conference, preparation of preliminary pretrial statements, preparation of pretrial initial disclosures, written and oral discovery, and a scheduling conference will only serve to unduly increase expenses in this case, and unnecessarily waste the Court's time and resources. See Fed. R. Civ. P. 1 (the scope and purpose of the Federal Rules of Civil Procedure are to "secure the just, speedy, and inexpensive determination of every action and proceeding.").

A motion to stay discovery and preliminary proceedings is an appropriate exercise of this Court's discretion. Landis v. N. Am. Co., 299 U.S. 248, 254–255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done

calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. (citation omitted).

Moreover, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2040, 198 (3d ed. 2010); see also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc., 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

Defendants respectfully request that the Court stay discovery in this matter and postpone the scheduling conference currently set for October 30, 2012, along with the internal deadlines set forth in its Order of October 1, 2012, until after it has ruled on defendants' case dispositive motion.

Because the time for response to this motion under Rule 7.1 of the Local Rules is 21 days (which will result in essentially all of the deadlines but the scheduling conference to have taken place), defendants request that the Court enter an Order shortening plaintiffs' time to respond to this motion, and requiring any such response be filed by October 9, 2012.

DATED this 4th day of October, 2012.

                                Respectfully submitted,

                                s/ *Robert M. Carlson*
                                Corette Pohlman & Kebe
                                Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October, 2012, a copy of the foregoing document was served on the following persons by the following means:

<u>1, 2 and 3</u> by and through the Electronic Case Filing System.

1. Clerk, U.S. District Court

2. Richard Ramler
   Ramler Law Office, P.C.
   202 West Madison Avenue
   Belgrade, MT 59714
   RichardRamler@aol.com

3. Jon D. Robinson
   BOLEN, ROBINSON & ELLIS, LLP
   202 South Franklin Street, 2nd Floor
   Decatur, IL 62523
   jrobinson@brelaw.com

                                /s/ *Robert M. Carlson*
                                Corette Pohlman & Kebe
                                **Attorneys for Defendants**

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the requirements of Local Rule 7.1(d)(2).  The total word count in the brief is 966 words, excluding the caption and certificates of service and compliance.  The undersigned relies on the word count of the word processing system used to prepare this brief.

>/s/ Robert M. Carlson
Robert M. Carlson
CORETTE POHLMAN & KEBE
Attorneys for Defendants