Richard A. Ramler
Ramler Law Office, P.C.
202 West Madison
Belgrade, MT   59714
Telephone (406) 388-0150
Telefax (406) 388-6842
RichardRamler@aol.com

Jon D. Robinson
Bolen, Robinson & Ellis, LLP
202 South Franklin Street, 2nd Floor
Decatur, IL  62523
Telephone (217) 429-4296
Telefax (217) 329-0034
jrobinson@brelaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

_____

| | |
|---|---|
| RICHARD BARBER and BARBARA BARBER, | Cause No. CV-12-43-BU-DLC |
| Plaintiffs, | |
| vs. | PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION |
| REMINGTON ARMS COMPANY, INC., SPORTING GOODS PROPERTIES, INC., and E. I. DuPONT DE NEMOURS AND COMPANY, | TO STAY AND POSTPONE SCHEDULING CONFERENCE |
| Defendants. | |

1

COMES NOW the Plaintiffs, Richard Barber and Barbara Barber, by and through their attorneys, in response and opposition to Defendants' Motion to Stay and to Postpone Scheduling Conference state as follows:

## I.   INTRODUCTION

Defendants have not presented any valid argument as to why discovery should be stayed or why the preliminary pretrial conference should be postponed. Defendants have improperly characterized this suit as a second attempt to file a lawsuit in connection with the tragic death of their son in 2000. (Doc. 18, p.1-2). This argument has no relevance to a motion to stay or postpone a settlement conference and is simply not valid or appropriate.

Plaintiffs did release Defendants from claims for damages that existed for the death of their son, Gus Barber. Gus Barber died as a result of injuries suffered when a Remington rifle discharged when the safety was released without a trigger pull. This case, however, is not about damages resulting from the death of Gus Barber, but about Remington's defamatory statements directed at the Barbers in response to the CNBC documentary detailing Remington's knowledge of the design defects in the Walker fire control. The defective fire control contained in Remington rifles has caused hundreds of personal injuries and multiple deaths.

Mr. Barber has dedicated his life to making others aware of the dangers of this firearm. Once the CNBC program aired however, Mr. Barber's message was

broadcast loud and clear to the general public.  Remington made damaging and false statements about the Barbers and made statements indicating that they were solely responsible for the death of their son.  This reprehensible action is the reason for the bringing of this action.  Once discovery proceeds and Remington's confidential documents are brought out into the open, all will become clear.  The Barbers wish to proceed as expeditiously as possible and, as described further below, Remington has shown no reason for further delay of discovery and the pretrial conference scheduled by this Court.

## II.    DEFENDANTS HAVE NOT MET THE LEGAL STANDARD REQUIRED FOR A MOTION TO STAY

Defendants have failed to make any, let alone a sufficient, showing as to why discovery and the pretrial conference in this case should be delayed.  They attempt to argue first that discovery and a pretrial conference are not necessary because the Court's granting of their motion to dismiss will end the case.  (Doc. 18, p. 4).  The major flaw in this argument is that there is no pending motion to dismiss on file.  Defendants have asked this Court to just take their word for it that their future motion will be granted.  *Id.*   Plaintiffs obviously disagree with this contention.  In fact, it is clear from the factual allegations in the Complaint that Remington has defamed the Barbers and any forthcoming motion to dismiss will be denied.

Even if there were a pending motion to dismiss that had some merit, which there is not, there is nothing in the Federal Rules of Civil Procedure that provides for an automatic or blanket stay of discovery when a potentially dispositive motion is pending. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011) (*citing Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995)(stating that if the Federal Rules contemplated a motion to dismiss under Rule 12 (b)(6) would stay discovery, the Rules would contain such a provision, and finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation). A Court should stay discovery only when it is clear that the Plaintiff will be unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). Merely showing that a non-frivolous dispositive motion is pending is not enough to warrant a delay of discovery. *Tradebay* at 603.

If a pending motion to dismiss that does not unequivocally show an inability to state a claim is not sufficient to delay discovery, certainly a future plan to file a motion to dismiss fails to show good cause to delay discovery.

Defendants' second argument maintains that allowing discovery and a pretrial conference will cause undue expense and delay. (Doc. 18, p. 4). However, "[i]t is well established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011)(*citing Blankenship v. Hearst*

4

*Corp.,* 519 F.2d 418, 429 (9th Cir.1975).  Merely showing that continuing with discovery may be inconvenient and cause a party expense does not suffice to establish good cause for staying discovery.  *Id.*

Here, Defendants in two sentences have stated that further case development would be counterproductive and increase expense.  (Doc. 18, p. 4).  They have failed to explain how continuing with the case in an expeditious manner would cause them anything more than the usual inconvenience involved in litigation.  Therefore, there is no reason to delay the development of this case.

## III.   STAY OF DISCOVERY AND POSTPONEMENT OF THE PRETRIAL CONFERENCE WOULD BE AGAINST THE SPIRIT OF THE FEDERAL RULES OF CIVIL PROCEDURE

There is no indication that staying discovery and postponing the pretrial conference will serve the interests of justice here.  Stays should not be routinely granted by the Court, even when both parties have stipulated to the delay.  *The Waggoners Trucking v. AIG Claim Services, Inc.*, No. CV 07 82 BLG RFC CSO, 2007 WL 1991538 at *1 (D. Mont. July 2, 2007).  It is up to the Court "to secure the just, speedy and inexpensive determination of every action."  Fed. R. Civ. P. 1. Defendants reliance on *Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) is misplaced.  (Doc. 18, p.5).  The Court in *Vivid* did state that a court may stay discovery if a particular issue is dispositive in a case.  *Id*.

5

However, the court was not referring to a ruling on a dispositive motion, but whether a claim could be stated at all. In that case, the defendant was not able to articulate a proper counterclaim for patent infringement. The District Court felt it necessary to stay further discovery until it was able to properly construe the terms in the claim and apply them to the accused device.

The case at bar is not one dealing with patent infringement that requires construction of terms by the court as a matter of law, as in *Vivid*. *Id*. at 803. Plaintiffs have filed a valid and properly drafted Complaint with sufficient allegations to move forward on the pleadings. It was Defendants who requested an extension of time to file a response to the First Amended Complaint, which Plaintiffs did not oppose. (Doc. 14). Now, Defendants claim because they needed additional time to file a response, discovery, pretrial disclosures and the pretrial conference should now be further delayed. This is not an attempt to ensure a "just, speedy and inexpensive determination," but an attempt to further postpone the Plaintiffs' opportunity to be heard and proceed with their claim.

## IV. POSTPONEMENT OF THE CONFERENCE WOULD VIOLATE LOCAL RULE 16.2

Defendants have shown no just reason for this Court to disregard its own procedural rules and postpone the scheduled Preliminary Pretrial Conference past the scheduled October 30, 2012 date. Local Rule 16.2 (c) states, in pertinent part,

"No later than ninety (90) days after a case is at issue, or one hundred twenty (120) days after filing of the complaint, whichever comes first, the judge to whom the case is assigned will hold a preliminary pretrial conference to discuss the matters included in the discovery plan and the preliminary pretrial statements and to discuss and schedule the following matters …" D. Mont. L.R. 16.2 (c).

Plaintiffs filed their initial Complaint on July 2, 2012. (Doc.1). The scheduled date for the Preliminary Conference of October 30, 2012 is exactly 120 days from the filing of that Complaint, the maximum time frame allowed by the local rules. This Court was obviously aware of the 120-day deadline when it chose this date for the Conference. In addition, the Conference date was set *after* the granting of Defendants previous motion for extension of time to file a response to the First Amended Complaint. While this case is not yet "at issue" because Defendants have not yet filed their response, and don't intend to until the last possible day, the rules clearly contemplate such a situation by clarifying that the time limits for holding the conference should be within 120 days of the Complaint or 90 days of the case being at issue, ***whichever comes first***. This indicates the Court's desire to expedite litigation and avoid any unnecessary delay of discovery even when a response to a Complaint has not yet been filed.

Furthermore, this Court stated in its order that "Requests to change the pretrial conference date will not be granted absent a demonstrated showing of good cause."

(Doc. 16, ¶ 5).  Defendants have not shown or indicated any good cause or change in circumstances since this Court set the Conference date on October 1, 2012 that would necessitate further delays.  Therefore, this Court should adhere to its own local rules and deny Defendants' Motion to Stay and to Postpone Scheduling Conference.

## V. CONCLUSION

Defendants have failed to show any reason why the Court should modify its October 1, 2012 Order which established a discovery and pretrial conference schedule.  Therefore, this Court should deny Defendants' Motion to Stay and to Postpone Scheduling Conference.

DATED this 9th day of October, 2012.

Bolen Robinson & Ellis, LLP

By: /s/ Jon D. Robinson
Jon D. Robinson

Ramler Law Office, P.C.

By: /s/ Richard A. Ramler
Richard A. Ramler

Attorneys for Plaintiffs

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the forgoing brief is double-spaced, in 14 point Times New Roman typeface, and the word count, calculated by Microsoft Office Word 2007, is 1616 words, excluding the Caption, Table of Contents, Certificate of Service, Certificate of Compliance, Table of Authorities, and Exhibit Index.

Bolen Robinson & Ellis, LLP

By: /s/ Jon D. Robinson
Jon D. Robinson

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2012, a copy of the foregoing document was served on the following persons by and through the Electronic Case Filing System.

    Clerk, U.S. District Court

    Robert M. Carlson
    Corette Pohlman & Kebe
    129 West Park
    P.O. Box 509
    Butte, Montana 59703

                      Bolen Robinson & Ellis, LLP

                      By:  /s/ Jon D. Robinson
                      Jon D. Robinson
                      Attorney for Plaintiffs