Robert M. Carlson
CORETTE POHLMAN & KEBE
129 West Park Street
P.O. Box 509
Butte, MT  59703
PH    :  406-782-5800
FAX  :  406-723-8919
bcarlson@cpklawmt.com

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | | |
|---|---|---|
| RICHARD BARBER and BARBARA BARBER, | * * * | No. CV-12-43-BU-DLC |
| Plaintiffs, | * | **DEFENDANTS' REPLY IN** |
| v. | * * | **SUPPORT OF MOTION TO** **STAY AND TO POSTPONE** |
| REMINGTON ARMS CO., INC., SPORTING GOODS PROPERTIES, INC., and E. I. DuPONT DE NEMOURS & CO., | * * * * | **SCHEDULING CONFERENCE** |
| Defendants. | * | |

Defendants Remington Arms Company, LLC (formerly Remington Arms Company, Inc.), Sporting Goods Properties, Inc., and E.I. DuPont de Nemours & Co. (collectively "defendants"), by and through their undersigned attorney, file this reply in support of their Motion to Stay and to Postpone the Scheduling Conference set for October 30, 2012 [Doc. 17].

Defendants file this reply to set the record straight. In response to the pending motion to stay, plaintiffs claim:

> It was Defendants who requested an extension of time to file a response to the First Amended Complaint, which Plaintiffs did not oppose. (Doc. 14). Now, Defendants claim because they needed additional time to file a response, discovery, pretrial disclosures and the pretrial conference should now be further delayed.

(Doc. 19, Response at 6). Plaintiffs have conveniently omitted the reasons for the extension and the plain timing of events. *First*, on September 25, 2012, defendants requested a 14-day extension to respond to plaintiffs' Amended Complaint because of the death of undersigned counsel's father Earl F. Carlson. *Second*, during the telephone call requesting the extension, the undersigned counsel informed plaintiffs' counsel that defendants would be filing a Rule 12(b)(6) motion to dismiss the Amended Complaint. Neither detail was made part of the motion to extend filed with the court because it was an agreed motion, designated as "Unopposed." (Doc. 14).[1]

Omissions notwithstanding, plaintiffs' representation to the court that— "Now, Defendants claim because they needed additional time to file a response, discovery, pretrial disclosures and the pretrial conference should now be further

---

[1] Defendants had previously moved to dismiss plaintiffs' Original Complaint and filed a detailed brief in support. (Docs. 8 and 9). Plaintiffs' decision to amend their allegations rather than substantively respond to the motion to dismiss was a tacit acknowledgment that the basis of defendants' motion was well taken. The core reasons for dismissal of plaintiffs' lawsuit remain and will form a primary basis of defendants' motion to dismiss the First Amended Complaint.

delayed" (Resp. at 6)—is completely illogical and not at all what defendants actually said in their motion to stay. Because the court's Preliminary Pretrial Conference Order (Doc. 16) was not issued until October 1, 2012—*i.e.*, 6-days <u>after</u> the requested extension was filed with the court on September 25, 2012—plaintiffs' argument that there is a connection between (a) defendants having asked for more time to respond to plaintiffs' Amended Complaint and (b) the need to stay the court's Preliminary Pretrial Order rings hollow.

At bottom, there can be little dispute that federal courts endorse the practice of staying discovery pending a decision on a case dispositive motion. *Lafluer v. Teen Help*, 342 F.3d 1145 (10th Cir. 2003) (upholding magistrate's decision to stay discovery, including depositions, pending resolution of a motion to dismiss); *see also, Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F.Supp.2d 1277, 1280 (D. Colo. 2004) ("the interests of judicial economy would be advanced by staying discovery in this action pending a decision on Defendant's dispositive motion.").

Contrary to plaintiffs' assertions, the relief requested by defendants is entirely consistent with Rule 16 of the Federal Rules of Civil Procedure which encourages effective and efficient case management. FED. R. CIV. P. 16(a)(2). Rule 16 emphasizes that a court should "take appropriate action" with respect to "amending the pleadings [and] controlling and scheduling discovery...." FED. R.

Civ. P. 16(c)(2)(B) and (F). Applying Rule 16 by staying discovery here would further the case management goal of avoiding protraction of this matter and "discouraging wasteful pretrial activities." Fed. R. Civ. P. 16(a)(3).

Finally, but perhaps most fundamentally, plaintiffs have failed to articulate any prejudice to them should this court rule on the soon to be filed case-dispositive motion before opening up full-blown discovery. Along these same lines, plaintiffs' claimed "wish to proceed as expeditiously as possible" is undermined by their nearly two-year delay in filing this lawsuit after "the CNBC program aired" and after "Remington made [the alleged] damaging and false statements" in response thereto. (Resp. at 2-3). Likewise, in their misguided effort to embark on discovery no matter what legal hurdles stand in their way—*e.g.*, "[o]nce discovery proceeds and Remington's confidential documents are brought out into the open, all will be clear" (Resp. at 3)—plaintiffs nevertheless fail to refute that defendants' core reasons for dismissal are threshold questions of law for this court to decide.

In the interests of judicial economy and fundamental fairness, defendants' motion to stay and to postpone the October 30, 2012 scheduling conference should be granted.

DATED this 10th day of October, 2012.

                                                /s/ *Robert M. Carlson*
                                                Corette Pohlman & Kebe
                                                Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October, 2012, a copy of the foregoing document was served on the following persons by the following means:

1, 2 and 3 by and through the Electronic Case Filing System.

1. Clerk, U.S. District Court

2. Richard Ramler
   Ramler Law Office, P.C.
   202 West Madison Avenue
   Belgrade, MT 59714
   RichardRamler@aol.com

3. Jon D. Robinson
   BOLEN, ROBINSON & ELLIS, LLP
   202 South Franklin Street, 2nd Floor
   Decatur, IL 62523
   jrobinson@brelaw.com

   /s/ *Robert M. Carlson*
   Corette Pohlman & Kebe
   Attorneys for Defendants

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the requirements of Local Rule 7.1(d)(2). The total word count in the brief is 676 words, excluding the caption and certificates of service and compliance. The undersigned relies on the word count of the word processing system used to prepare this brief.

   /s/ *Robert M. Carlson*
   Corette Pohlman & Kebe
   Attorneys for Defendants