IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RICHARD BARBER and BARBARA BARBER, ) ) ) | CV 12-43-BU-DLC |
| Plaintiffs, ) ) | |
| vs. ) ) | ORDER |
| REMINGTON ARMS COMPANY, INC., ) SPORTING GOODS PROPERTIES, INC., ) and E. I. DuPONT DE NEMOURS AND ) COMPANY, ) ) | |
| Defendants. ) _____ ) | |

Before the Court is Defendants' Motion to Stay and to Postpone Scheduling Conference. (Doc. 17.) Defendants represent they plan to file a motion to dismiss in response to Plaintiffs' First Amended Complaint. The deadline for filing that motion is October 19, 2012. If filed that day, the motion to dismiss will be ripe by November 9, 2012.

In the meantime, several deadlines associated with the preliminary pretrial conference in this matter are scheduled. The parties must have already conferred concerning matters listed in Rule 26(f) of the Federal Rules of Civil Procedure,

and they must file a joint discovery plan and preliminary pretrial statements by October 23, 2012.  The preliminary pretrial conference itself is scheduled for October 30, 2012.  Defendants submit that vacating these deadlines and staying discovery until the yet-to-be-filed motion to dismiss is resolved will further the Court's and parties' interest in effective and efficient case management and judicial economy.  *See* Fed. R. Civ. P. 16(a)(3).

Local Rule 16.2 contemplates that a preliminary pretrial conference will be held within 120 days of a complaint's filing.  D. Mont. L. R. 16.2(c).  While the rule does not tie the Court's hands, as any order of a judge acting within his authority will supersede a contrary local rule, L. R. 1.1(c), it underscores the Court's and public's strong interest in keeping litigation moving forward.  Typically, a pending motion to dismiss does not in and of itself warrant a stay.  "A district court may ... stay discovery when it is *convinced* that the plaintiff will be unable to state a claim for relief."  *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981), *cert. denied*, 455 U.S. 942 (1982) (emphasis added).

Here, Defendants have not made a showing of "good cause" as is required for a protective order under Federal Rule of Civil Procedure 26(c).  First, the Court is unable to take a "preliminary peek" at the merits of the motion to dismiss because it is not yet filed.  *F.T.C. v. AMG Servs., Inc.*, 2012 WL 3730561 (D. Nev.

2012). Thus the Court is not "convinced" that the plaintiff will be unable to state a claim for relief. Second, mere inconvenience and expense are not sufficient grounds to grant a stay, and Defendants have not made a specific showing sufficient to support a decision to supersede a local rule or delay the speedy resolution of this dispute. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The parties will not be unduly prejudiced by the requirements set out in the Court's October 1, 2012 Order, and they may take into account the delayed schedule for the motion to dismiss in drafting their joint discovery plan.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion (doc. 17) is DENIED. The October 1, 2012 Order remains in full effect.

Dated this 11th day of October 2012.

_____
Dana L. Christensen, District Judge
United States District Court