**Robert M. Carlson**
**CORETTE POHLMAN & KEBE**
**129 West Park Street**
**P.O. Box 509**
**Butte, MT 59703**
**PH  : 406-782-5800**
**Fax  : 406-723-8919**
bcarlson@cpklawmt.com

**Attorney for Defendants**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| RICHARD BARBER and BARBARA BARBER, | ) |
| | ) |
| | ) Cause No. C4-12-43-BU-DLC |
| Plaintiffs, | ) |
| | ) |
| vs. | ) **DEFENDANTS' MOTION TO** |
| | ) **DISMISS FIRST AMENDED** |
| REMINGTON ARMS COMPANY, INC., | ) **COMPLAINT** |
| SPORTING GOODS PROPERTIES, | ) |
| INC., and E. I. Du PONT DE NEMOURS | ) |
| AND COMPANY, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants, REMINGTON ARMS COMPANY, LLC (formerly

"Remington Arms Company, Inc." and hereinafter "Remington"), SPORTING

GOODS PROPERTIES, INC., and E.I. DU PONT DE NEMOURS AND

COMPANY (collectively "Defendants"), by their undersigned attorney and

pursuant to Fed. R. Civ. P. 12(b)(6), move to dismiss Plaintiffs' First Amended Complaint [Doc. 13].

Plaintiffs' First Amended Complaint ("FAC") should be dismissed because the claims made in this putative defamation action were fully released and discharged by Plaintiffs as part of their 2002 settlement with Defendants. Alternatively, Plaintiffs' claims should be dismissed because they do not state causes of action under Montana law.  In support of their motion to dismiss, Defendants file contemporaneously herewith their Brief in Support of Motion to Dismiss.

Pursuant to District of Montana L.R. 7.2, Defendants incorporate by reference, in support of their Motion to Dismiss the First Amended Complaint, the same set of exhibits that were attached to and filed with their Motion to Dismiss [Doc. 8] the Original Complaint:

| Doc. 8-1 | Exhibit A | Plaintiffs' 2001 Complaint, *Barber v. Remington Arms Company, Inc., et al.*, No. 01-cv-083-BU-LBE (D. Mont. 2001) |
| Doc. 8-2 | Exhibit B | Remington Statement of January 26, 2001 |
| Doc. 8-3 | Exhibit C | Defendants' Answer to Plaintiffs' 2001 Complaint |
| Doc. 8-4 | Exhibit D | 2002 Resolution Agreement and Release (with amount of consideration redacted) |
| Doc. 8-5 | Exhibit E | 2011 Declaration of Richard Barber, *Aleksich v. Remington Arms Company, Inc.*, CV-91-5-BU-PGH (D. Mont. 1991) |

Doc. 8-6   <u>Exhibit F</u>      DVD of 2010 CNBC Program "Remington Under Fire"

Doc. 8-7   <u>Exhibit G</u>      Transcript of "Remington Under Fire"

Doc. 8-8   <u>Exhibit H</u>      Remington 2010 Written Response to CNBC's
                               "Remington Under Fire"

Doc. 8-9   <u>Exhibit I</u>      Remington 2010 Video Response to CNBC's
                               "Remington Under Fire"

Doc. 8-10  <u>Exhibit J</u>      Transcript of Remington 2010 Video Response

These exhibits are proper for consideration on Defendants' Rule 12(b)(6)

motion to dismiss.

### 1.      The court record in other cases

It is well-settled that on a Rule 12(b)(6) motion to dismiss, the Court may

consider matters of public record which are outside of the pleadings in the lawsuit

at issue.  This is particularly true as to pleadings in other matters, which may be

considered without the need to convert the motion to one for summary judgment.

*Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir.

2007); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (court

pleadings are judicially noticeable); *Singh v. Scott*, CV08-86-GF-SEH, 2009 WL

2370636, *1 n. 1 (D. Mont. July 29, 2009) (proceedings from different case are

judicially noticeable).

Here the Court may take judicial notice of the court record in (a) *Barber v.*

*Remington Arms Company, Inc., et al.*, No. 01-cv-083-BU-LBE (D. Mont. 2001),

in which these same Plaintiffs sued the same Defendants for claims involving the death of their son, and (b) in *Aleksich v. Remington Arms Company, Inc.*, CV-91-5-BU-PGH (D. Mont. 1991), an unrelated lawsuit settled and dismissed in 1995 in which Plaintiff Richard Barber intervened in October 2011 to open court records sealed by Judge Hatfield.  Accordingly, Exhibits A, C, and E, pleadings from the prior *Barber* and *Aleksich* actions, are submitted as motion exhibits.

### 2.    Remington's published statements

Remington's published statements regarding the Barber rifle and the accidental shooting of Gus Barber are referenced in the First Amended Complaint and plainly central to Plaintiffs' claims.  They are, therefore, properly considered on Defendants' Rule 12(b)(6) motion.  *Knievel v. ESPN, Inc.*, 223 F. Supp. 2d 1173, 1176 (D. Mont. 2002) (alleged defamatory publication and other contextual content from ESPN's website properly considered on motion to dismiss).  These statements are also properly considered on Defendants' motion to dismiss under the "incorporation by reference" doctrine (*see Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005), or, alternatively, because courts "routinely take judicial notice of press releases."  *In re Am. Apparel, Inc. S'holder Litig.*, CV-10-06352, 2012 WL 1131684, *14 (C.D. Cal. Jan. 13, 2012).  Further, the 2001 Remington statement attached as Exhibit B was part of the 2001 CBS Evening News story specifically referenced in the First Amended Complaint, and was shown in

Remington's response video, Exhibit I at minutes 03:02-03:10.  (*See* FAC ¶33, and "written statement" available at www.cbsnews.com/2100-18563-162-301947.html (last visited Oct. 3, 2012)).    Thus, Exhibits B, H, I, and J, Remington's public statements are central to Plaintiffs' defamation claims, and are submitted as exhibits with this motion.

### 3.    Plaintiffs' 2002 settlement and release

The Original Complaint acknowledged that "[i]n 2002, the Barbers resolved their claims against Defendants for their son's death," (Doc. 1, ¶41), and specifically pleaded that their 2012 lawsuit was "not for any claim resolved by them in 2002." (Doc. 1, ¶43).   However, the First Amended Complaint, filed after Defendants' initial Motion to Dismiss which had argued that the Barbers' present claims were released in 2002, makes no direct references to the 2001 lawsuit or its resolution.  *See Does I v. The Gap, Inc*., CV-01-0031, 2002 WL 1000068, *15 (D. N. Mar. 2002) ("plaintiffs cannot make an admitted fact go away simply by deleting it from their pleading.").   Plaintiffs' tactical silence on this topic notwithstanding, their 2001 lawsuit and its settlement are properly before the Court.

First, the fact of the 2002 settlement is part of the record in the Barbers' original 2001 lawsuit, and therefore amenable to judicial notice as explained above.

Second, the First Amended Complaint contains references to the negotiations and resolution of the 2001 lawsuit, (*see* FAC ¶26, referring to the bolt-lock removal program; *accord* Exhibit D at p. 2 ¶C, referring to the bolt-lock removal program; *see* FAC ¶28, describing meetings between Mr. Barber and Remington (which in fact were settlement discussions); *accord* Exhibit D at p. 1 ¶B, discussing meetings between parties).   As such, the Court should consider the actual agreement as incorporated by reference and as a matter of completeness.

Third, the existence of a prior, settled lawsuit involving the same parties, centering on the same facts, is "central" to Plaintiffs' present claims.  Multiple cases illustrate the impact of a prior release.  In *Stiegmeier v. Nw. Growth Corp.*, 00-CIV-6824-DLC, 2000 WL 1670931, *2 (S.D.N.Y. Nov. 6, 2000), while the plaintiff did "not mention the Settlement Agreement" in his complaint, "he has notice" of the agreement and the document was "integral to his claims."  *Id*. (citation omitted).   Following time-tested Supreme Court jurisprudence on Rule 12(b)(6) standards, the court dismissed plaintiff's lawsuit as it was barred by the prior settlement agreement.  *Id*. (quoting *Conley v. Koenig*, 355 U.S. 41, 45-46 (1957) ("it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief.").

In *Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006), the plaintiff tried to avoid the impact of a release she previously provided defendants ten years earlier relating

to claims arising from defendant's creation of a movie based on her life.  The plaintiff characterized the release as "a release of claims against Paramount and various individuals for conduct occurring prior to December 6, 1982." *Id.* at 448. The court held that the scope of release was "central to her claim," and it was properly considered in deciding the defendant's motion to dismiss.  *Id.* at 448.   As in *Marder*, the 2002 settlement and the release Plaintiffs entered into with Defendants is "central" to Plaintiffs' claims in this case. *See also Ficke v. Johns*, 1996 WL 99424, *3 (N.D. Ill. 1996) (prior release "is clearly central to plaintiff's allegations in that a determination of the Release's validity affects whether or not this action may proceed")

Thus, Exhibit D, Plaintiffs' 2002 Resolution Agreement and Release executed in that case, is properly considered on Defendants' motion to dismiss.

### 4.    The CNBC program

Plaintiffs' First Amended Complaint repeatedly references the 2010 CNBC program, "Remington Under Fire."  (FAC ¶¶38-41, 42, 44, 50).  Mr. Barber also filed a DVD of the CNBC program with his pleadings in the *Aleksich* intervention proceeding.  Accordingly, Exhibits F and G, a DVD of the CNBC program and a transcript of the program, are submitted as motion exhibits.

DATED this 19th day of October, 2012.

Respectfully submitted,

s/ *Robert M. Carlson*

Corette Pohlman & Kebe
**Attorney for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October, 2012, a copy of the

foregoing document was served on the following persons by the following means:

 1, 2 and 3 by and through the Electronic Case Filing System.

1.    Clerk, U.S. District Court

2.    Richard Ramler
      Ramler Law Office, P.C.
      202 West Madison Avenue
      Belgrade, MT 59714
      RichardRamler@aol.com

3.    Jon D. Robinson
      BOLEN, ROBINSON & ELLIS, LLP
      202 South Franklin Street, 2nd Floor
      Decatur, IL 62523
      jrobinson@brelaw.com

   /s/ *Robert M. Carlson*
Corette Pohlman & Kebe
**Attorneys for Defendants**