Richard A. Ramler
Ramler Law Office, P.C.
202 West Madison
Belgrade, MT   59714
Telephone (406) 388-0150
Telefax (406) 388-6842
RichardRamler@aol.com

Jon D. Robinson
Bolen, Robinson & Ellis, LLP
202 South Franklin Street, 2nd Floor
Decatur, IL   62523
Telephone (217) 429-4296
Telefax (217) 329-0034
jrobinson@brelaw.com

Attorneys for Plaintiffs

Robert M. Carlson
Corette Pohlman & Kebe
129 West Park Street
P.O. Box 509
Butte, Montana   59703
Telephone (406) 782-5800
Telefax (406) 723-8919
bcarlson@cpklawmt.com

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RICHARD BARBER and BARBARA BARBER,<br><br>Plaintiffs,<br><br>vs.<br><br>REMINGTON ARMS COMPANY, LLC, SPORTING GOODS PROPERTIES, INC., and E.I. DUPONT DE NEMOURS AND COMPANY<br><br>Defendants. | Cause No. 2:12-cv-00043-BU-DLC<br><br>**JOINT DISCOVERY PLAN** |

COME NOW the parties hereto and jointly file this discovery plan to govern discovery in this case.

**A.    Changes in the timing, form, or requirements for Rule 26(a) disclosures.**    No changes in the timing, form, or requirements for disclosure under Rule 26(a) are necessary.  The parties will serve their initial disclosures on or before October 23, 2012.

**B.    Subjects, completion, and timing of discovery.**  Plaintiffs submit that the subjects of discovery will include evidence that tends to prove the falsity of Remington's statements alleged to be defamatory in the First Amended

Complaint; Defendants' knowledge of the falsity of the statements alleged to be defamatory in the First Amended Complaint; Defendants responses to the CNBC documentary "Remington Under Fire"; the background of the design and manufacture of Remington bolt action rifles which contain the Walker fire control ("Remington Rifles"); changes or modifications made to the design and manufacture of the Walker fire control; the history of injuries, accidents and incidents involving inadvertent firing of Remington Rifles, including any litigation or claims made concerning same; the various efforts, activities and considerations relating to the design and/or manufacture of a fire control to replace the Walker fire control, the recall of the Remington Model 600 rifle; the consideration of the recall of other Remington Rifles; test results and test failures of Remington Rifles; documents, discussions and communications made or received by Defendants concerning Plaintiffs; Defendants' efforts to deceive the public concerning the safety of Remington Rifles; and the interrelationship and interaction of the Defendants concerning the above stated activities and subjects. Plaintiffs' requests for production will include all relevant materials on each subject matter, including ESI.

     Plaintiffs object to Defendants' attempts below to limit the scope and characterize the substance of the allegations made by Plaintiffs. For example, Defendants apparently hope to limit Plaintiffs' discovery to "any accident guns

returned (to Remington) from the field," even though Remington's false statements included a broad claim that, "No scientific test has ever supported the accidental discharge theory of plaintiffs' lawyers and their expert." Because Remington's false statements made on behalf of itself and the other Defendants are much broader claims that its rifles containing the Walker fire control are not dangerously defective, as described in Plaintiffs' First Amended Complaint, discovery should not be limited as suggested by Defendants below. Plaintiff will object to discovery by Defendants designed to harass or intimidate Plaintiffs, or where the discovery requests are not relevant to this litigation.

    It is Defendants' position that discovery should be limited under Rule 26(b) to subject matters relevant to Plaintiffs' claim that statements made by Remington in response to the CNBC program, "Remington Under Fire" in 2010 were defamatory of Plaintiffs and Remington's defenses to that claim. Those statements related to (1) the Parties' joint inspection and testing of the incident rifle in November 2000 and (2) the inability of Remington and experts hired by plaintiff attorneys to duplicate a Model 700 discharge without a trigger pull on any accident gun returned from the field, which was not properly maintained or altered.

    Defendants submit that subject matters of discovery may include (a) the factual circumstances surrounding the death of Plaintiffs' son in October 2000; (b) the Parties' joint inspection and testing of the incident rifle in November 2000; (c)

Plaintiffs' 2001 product liability lawsuit against Defendants and its resolution and dismissal; (d) Plaintiffs' voluntary efforts to publicize their theory that the Model 700 rifle is defectively designed and their status as limited purpose public figures; (e) Plaintiff Richard Barber's 2011 intervention in the *Aleksich* case to obtain previously sealed court documents; (f) Plaintiff Richard Barber's agreements to abide by the terms of court protective orders; (g) Plaintiffs' participation in the development and production of the CNBC program, "Remington Under Fire;" (h) Remington's written and video responses to the CNBC program, "Remington Under Fire;" (i) Plaintiffs' claim that they lost income and earning capacity as the result of Remington's 2010 statements; (j) Plaintiffs' claims that Remington's 2010 statements exposed them to prejudice, hatred, contempt and ridicule in their community; and (k) Plaintiffs' claim that they suffered serious or severe emotional distress as the result of Remington's 2010 statements.

The parties suggest that the deadline for simultaneous disclosure of all liability experts be May 1, 2013.

The parties suggest that the deadline for Plaintiffs' disclosure of damages experts be May 1, 2013

The parties suggest that the deadline for Defendants' disclosure of damages experts by June 3, 2013.

The parties suggest that discovery close by July 1, 2013.

**C.     Issues about disclosure or discovery of electronically stored Information ("ESI").**

Defendants' counsel have represented that no litigation hold for evidence, including ESI, was yet issued as of our Rule 26(f) conference call on October 9, 2012.  Plaintiffs' counsel urged Defendants' counsel to immediately issue and manage a litigation hold for all relevant evidence, including ESI.

Defendants' position is that they have taken appropriate steps under the law to protect information in their possession related to this lawsuit. Defendants' counsel expressed the same concern, and asked Plaintiffs' counsel to immediately issue a litigation hold to Plaintiffs relating to all relevant evidence, including ESI in Plaintiffs' possession.

It is Plaintiffs' position that in response, Plaintiffs' counsel immediately advised counsel for Defendants that Plaintiffs already were told to preserve all relevant evidence, including any relevant ESI that they possessed when this suit was filed and going forward.  As of this filing, Plaintiffs position is that they have not been told whether a litigation hold has ever been issued by Defendants or their counsel for this case.

 The parties presently do not know whether there will be an issue related to discovery, including discovery of electronically stored information.

It is Plaintiffs' position that it is not known whether any evidence, including ESI, has been destroyed or not preserved.

The parties agree to attempt to resolve any problems that may arise prior to seeking the Court's assistance.

**D.    Issues about claims of privilege or protection of trial preparation material.**

The parties presently do not know whether there will be an issue relating to the withholding of privileged and/or work product materials; but agree they will attempt to resolve any problems that may arise prior to seeking the Court's assistance.

**E.    Changes in Limitation on discovery.**

None.

**F.    Any other orders under Rule 26(c) or Rule 16(b) and (c).**

Defendants anticipate filing a motion under Rule 26(c) requesting a protective order prior to the production of Defendants' internal documents which contain proprietary and/or trade secret information.

Plaintiffs will object to any motion or request for a broad protective order concerning Defendants' internal documents. Plaintiffs also submit that if Defendants are able to establish that some of their relevant internal documents contain protectable "proprietary and/or trade secret information," any such

protectable information included in said documents, which are otherwise relevant to this litigation, should be redacted and the remainder of the document(s) should be produced and not subject to a protective order.

The parties suggest that they be allowed to add parties and/or amend their pleadings without leave of court until on or before January 2, 2013.

DATED this 23rd day of October, 2012.

                Bolen, Robinson & Ellis, LLP

                By: /s/Jon D. Robinson
                    Jon D. Robinson


                Ramler Law Office, P.C.

                By: /s/Richard A. Ramler
                    Richard A. Ramler


                Attorneys for Plaintiffs


                Corette, Pohlman & Kebe

                By: /s/Robert M. Carlson
                    Robert M. Carlson

                Attorneys for Defendants