Richard A. Ramler
Ramler Law Office, P.C.
202 West Madison
Belgrade, MT   59714
Telephone (406) 388-0150
Telefax (406) 388-6842
RichardRamler@aol.com

Jon D. Robinson
Bolen, Robinson & Ellis, LLP
202 South Franklin Street, 2nd Floor
Decatur, IL  62523
Telephone (217) 429-4296
Telefax (217) 329-0034
jrobinson@brelaw.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| RICHARD BARBER and BARBARA BARBER, | ) ) ) Cause No. 2:12-cv-00043-BU-DLC |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) **PLAINTIFFS' MOTION TO** |
| | ) **ALTER OR AMEND** |
| REMINGTON ARMS COMPANY, INC., | ) **JUDGMENT** |
| SPORTING GOODS PROPERTIES, INC., | ) |
| And E.I. DuPONT DE NEMOURS AND | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

1

Plaintiffs, Richard Barber and Barbara Barber (Barbers), respectfully move the Court to modify its February 11, 2013 Order (Doc. 37) pursuant to Fed. R. Civ. P. 59(e).  This Motion does not seek to reargue the issues previously presented to the Court.

## ARGUMENT AND AUTHORITY

The foundation for the Court's decision is public policy.  The Court found that "[t]he public policy of the State of Montana is to encourage settlement and avoid unnecessary litigation.  *Miller v. St. Farm Mut. Auto. Ins. Co.,* 5 P.3d 1278, 1281 (Mont. 2007) (citations omitted); *Hohensee v. Chemodurow*, 470 P.2d 965, 967 (Mont. 1970) . . ."  (Doc. 37 at 12 – 13).  Because the public policy of the State of Montana was not addressed in  the briefs submitted either in support of, or in opposition to, Defendants' Motion to Dismiss, Plaintiffs now seek to address other Montana public policy which Plaintiffs submit would alter the Court's decision.

Though the judgment order discussed a public policy favoring settlement and the avoidance of unnecessary litigation, it did not address the Montana public policy which invalidates contractual provisions purporting to prospectively release a party from liability for a future tort.  A pre-tort, or prospective release from liability, is against Montana public policy.  Considering this Montana public policy, the contract provision relied on by the Court here is illegal in Montana.

2

*McDermott v. Carie, LLC*, 2005 MT 293, ¶ 19, 329 Mont. 295, 124 P.3d 168;

*Miller v. Fallon County*, (1986), 222 Mont. 214, 221, 721 P.2d 342, 346-47.

According to Montana public policy, the Barber Resolution Agreement and

Release is invalid to the extent that it purports to release Defendants from separate

torts committed years after the release was executed.

      The Resolution Agreement and Release (Doc. 8-4) does state that

Defendants were released from liability for "future" claims "which may hereafter

accrue or otherwise be acquired, on account of, or in any way grow out of the

Accident . . . including, without limitation, any and all known or unknown claims .

. . which have resulted or may result from the Accident and any alleged acts or

omissions of the Defendants." (Doc. 8-4 at 2-3). However, Barbers submit that a

release of Defendants from liability for torts, such as defamation, which were

committed years after the Release was signed, is illegal and unenforceable under

Montana public policy which prohibits pre-tort releases.

      In this action, Barbers have asserted claims against Defendants for new and

separate torts committed after the Release was signed. The alleged defamatory

statements were made by Defendants beginning in 2010, and they continue to be

published by Defendants to this day.

      Comments made by Defendants during or surrounding litigation are

generally privileged. However, the defamatory statements published in 2010, even

if similar to Defendants' earlier statements in the previous action, were separately published and communicated to the public.  In Montana, ". . . each communication of a defamatory statement to a third party constitutes a new publication which gives rise to a cause of action."  50 Am. Jur. 2d, Libel and Slander § 260.   Each communication of the alleged defamatory statements is a new tort which is committed when the communication is made.   The provisions of the Release that claim to exonerate Defendants from liability for defamatory statements made years after the Release was executed are illegal and unenforceable in Montana based on the public policy which disfavors pre-tort releases.

The provisions of the Barber Release that relate to the release of "future" claims can be given effect to prohibit new lawsuits based on, or related to, activities that occurred prior to the execution of the Release in 2002.  For example, the Release provides it ". . . is a general release.  Plaintiffs expressly waive and assume the risk of any and <u>all claims for damages which exist as of this date</u>, but of which the Plaintiffs do not know or suspect to exist . . . " (emphasis added).  (Doc 8-4 at 3).  These provisions relating to "future" claims prevent the filing of any and all claims that "existed" when the Release was signed.  "Future" claims are released if the claim "existed" before the Release was signed, provided the claim has a "sufficient nexus" to the "matters" contemplated by the release.  This

interpretation is consistent with the cases cited by the Court in its Order.  (Doc. 37).

*Hohensee*, supra, was an action by ranch operators to recover wages allegedly due.  The parties had previously entered into a settlement agreement which allocated ranch property.  The agreement was entitled "FINAL SETTLEMENT IN CONNECTION WITH THE OPERATION OF THE SMART PLACE, IN FINAL AND COMPLETE SETTLEMENT OF ANY AND ALL CLAIMS".  470 P.2d at 965.  Sometime after the agreement was signed, the plaintiff filed suit to recover wages due for work done **before** the agreement was signed.  *Id.* at 966.  Plaintiff's claim for wages existed when the agreement was signed and the court held that it was included in the release of "any and all claims".  *Id.* at 967.

*Rich v. Ellingson*, 174 P.3d 491 (Mont. 2007), was a malpractice action brought against an attorney by a former client after the client settled with the attorney and his malpractice insurer regarding the attorney's representation of the client.  The client signed a Release which described the casualty as "[a]lleged legal malpractice of any kind arising out of or related to the representation of Kiersten Rich by Jeffrey D. Ellingson."  *Id.* at 494.  Rich filed the malpractice action after a lawsuit that had been filed by Ellingson on Rich's behalf against State Farm was dismissed due to the statute of limitations and res judicata.  *Id.* at 494.  State Farm

had filed an amended answer "alleging affirmative defenses of statute of limitations and res judicata" on June 18, 2001. *Id.* at 493.  The alleged malpractice occurred and State Farm's affirmative defenses were known **before** the Release was signed on November 18, 2003. *Id.* at 494.

*Arnold v. United States*, 816 R.2d 1306 (9th Cir. 1987), was an action by a Postal Service employee alleging claims of sex discrimination and harassment. *Id.* at 1307.  The action involved two separate categories of claims that occurred at different times. *Id.* at 1309.   The court reviewed the first category of claims to determine whether a settlement agreement precluded the plaintiff from raising additional claims that had to do with matters waived by the plaintiff when the settlement agreement was entered. *Id.* at 1309.  All of the claims involved actions that occurred **before** the settlement, but the new claims were not brought until after the settlement agreement was entered. *Id.* at 1309.

*Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005 (9th Cir. 2012), was a putative class action brought by a third party payor against retail pharmacies alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) and other state law claims.  The third party payor had been a party to a settlement agreement in another class action involving the same drug pricing scheme.  The settlement agreement included the phrase "or any other person" which was interpreted to include the retail pharmacies named as defendants in

6

*Skilstaf. Id.* at 1016.  The claims in *Skilstaf* involved drug sales that occurred

**before** the settlement agreement was approved.   *Id.*at 1013 - 14.

In, *Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006), the plaintiff asserted

rights as a co-author of a movie and a co-owner of a copyright.   In, *Marder* the

court interpreted an agreement that granted the right to use plaintiff's life story and

released future claims involving "any and all arrangements" relating to a movie

based on her life story.  *Id.* at 449.  *Marder* released contract and property rights,

not future tort claims.   The Ninth Circuit applied California law and held that the

assignment of the right to use plaintiff's life story and the terms of the release did

extend to the use of movie scenes in a later music video.  The court also noted that

under California law a hypothetical future defamation claim would not have been

released.   *Id.* at 451, n. 5.  The holding in *Marder* does not contradict the public

policy of the State of Montana that prohibits the prospective release of a tort claim.

The Order dismissing the Barber complaint says that "[t]the parties did not

agree to refrain from speaking publicly about the disputed issues ever again . . .",

and "[p]ermitting the Barbers to avoid the Release by raising a defamation claim

would effectively put a gag order on every settlement of a disputed issue---if a

party ever spoke again about its position, it would be vulnerable to a defamation

suit on the grounds that someone could reasonably infer it was suggesting the other

party was lying.  This would be destructive of the finality of the settlement process and would contravene Montana's policy of favoring settlement."  (Doc. 37 at 17).

Barbers are not attempting to prevent Defendants from exercising their First Amendment right to free speech.  Like all others, Defendants can speak freely as long as they speak the truth.  The Barbers are only seeking a determination of whether Defendants have defamed them by statements they made since 2010. Defendants have no right to defame Barbers.  The public policy of the State of Montana supports Barbers' claims.

Montana's public policy of not allowing the prospective release of tort claims protects Barbers from intentionally or unintentionally bargaining away their right to defend their reputations years before their reputations were injured.  They surely have a right to protect themselves from ongoing defamation.

## CONCLUSION

**For the reasons stated above,** Plaintiffs respectfully request the Court to alter its Order of February 11, 2013, (Doc. 37) by denying Defendant's motion to dismiss the First Amended Complaint.

Dated this 21st day of February, 2013.

Ramler Law Office, P.C.

By: /s/ Richard A. Ramler
Richard A. Ramler

8

Bolen Robinson & Ellis, LLP

By:  /s/ Jon D. Robinson
Jon D. Robinson


Attorneys for Plaintiffs

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the forgoing brief is double-spaced, in 14 point Times New Roman typeface, and the word count, calculated by Microsoft Office Word 2010, is 1620 words, excluding the Caption, Table of Contents, Certificate of Service, Certificate of Compliance, and Table of Authorities.

By: <u>/s/ Richard A. Ramler</u>
Richard A. Ramler

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2013, a copy of the foregoing document was served on the following persons by and through the Electronic Case Filing System.

Clerk, U.S. District Court

Robert M. Carlson
Corette Pohlman & Kebe
129 West Park
P.O. Box 509
Butte, Montana 59703

Ramler Law Office, P.C.

By: /s/ Richard A. Ramler
Richard A. Ramler

Attorney for Plaintiffs