IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RICHARD BARBER and BARBARA BARBER,<br><br>Plaintiffs,<br><br>vs.<br><br>REMINGTON ARMS COMPANY, INC., SPORTING GOODS PROPERTIES, INC., and E. I. DuPONT DE NEMOURS AND COMPANY,<br><br>Defendants. | CV 12-43-BU-DLC<br><br>ORDER |

Before the Court is Plaintiffs' motion to alter or amend the judgment in this matter granting the Defendants' motion to dismiss the First Amended Complaint with prejudice. Plaintiffs assert that because the Court considered Montana's public policy of encouraging settlement in its February 11, 2013 Order, an issue the

-1-

parties did not brief, the Court should amend its judgment in light of Montana's policy of invalidating pre-tort waivers of liability in which a party is prospectively held harmless from the consequences of its own willful or negligent violations of legal duties. Mont. Code Ann. § 28-2-702; *Miller v. Fallon Co.*, 721 P.2d 342, 221 (Mont. 1986). The parties did not raise this issue in their original briefing, either.

> Montana Code Annotated § 28-2-702 states:
>
> All contracts that have for their object, directly or indirectly, to exempt anyone from responsibility for the person's own fraud, for willful injury to the person or property of another, or for violation of law, whether willful or negligent, are against the policy of the law.

No case construing § 28-2-702 has considered how the statute applies to a settlement agreement that releases the parties from liability for past, present, and future claims arising from the same factual and legal issues the parties have agreed to settle instead of resolve in court. In *Miller v. Fallon*, for example, the wife of a truck driver requested permission to ride with her husband on interstate trips. 721 P.2d at 219. She was required to sign a form holding the trucking company harmless for any injuries she might suffer as a passenger in the truck. *Id.* The Court held that under § 28-2-702, a company cannot contractually exculpate itself from liability for future negligence. *Id.* at 221. Similarly, clients of a whitewater rafting company or a dude ranch cannot prospectively absolve the company for

negligent acts or omissions that may occur in the future as a condition of participating in the company's services. *Spath v. Dillon Enterprises, Inc.*, 97 F. Supp. 2d 1215, 1216 (D. Mont. 1999); *McDermott v. Carie, LLC*, 124 P.3d 168, 174 (Mont. 2005). *See also Langemo v. Mont. Rail Link, Inc.*, 38 P.3d 782, 786 (Mont. 2001). In each of these cases, the plaintiff agreed to release the defendant from liability for unknown future actions or omissions; the factual and legal issues the parties might later dispute were unknown.

In the case of a settlement agreement and release, on the other hand, the plaintiff and defendant know the factual and legal issues that are in dispute at the time they settle the case. Nonetheless, they agree to settle their case without reaching an agreement as to those factual and legal issues. Where claims later arise from the very incidents that prompted the settlement and concern identical legal and factual issues, such claims are released without violating Montana's policy. Indeed, such a release conforms to Montana's policy of encouraging settlement and the finality that settlement is supposed to foster. As stated before, the Barbers are seeking here to litigate a case they agreed to settle. The case concerns the same accident, the same rifle, the same parties, and the same disputes over responsibility and the condition of the Barbers' gun and whether there was an inherent defect in the rifle. Defendants' statements went no further than to restate their position in

2001, which the Barbers were well aware of when they executed the release.  Thus, a sufficient nexus is clearly present to tie the Barbers' instant claims to the claims they raised during the 2001 litigation.  The parties agreed to resolve these disputes by settlement.

In summary, the Court declines to amend or alter its judgment.  The First Amended Complaint is dismissed with prejudice, and this case is closed.

IT IS ORDERED that the Barbers' Motion to Alter or Amend Judgment (doc. 38) is DENIED.

Dated this 21st day of March 2013.

_____
Dana L. Christensen, Chief District Judge
United States District Court